UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYETTA LEWIS-BRYANT,

    Plaintiff,                                        Civil Action No. 19-CV-12913

vs.                                               HON. BERNARD A. FRIEDMAN

ALLSTATE VEHICLE AND
PROPERTY INSURANCE CO.,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This matter is presently before the Court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) [docket entry 15]. Plaintiff has filed a response in opposition. Defendant has not replied, and the time for it to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a fire insurance case. Plaintiff alleges that in December 2018, while her homeowner's policy with defendant was in effect, her house and personal property were damaged by fire. Am. Compl. ¶ 7. Defendant denied plaintiff's claim in September 2019, "thereby breaching the parties' insurance contract." *Id.* ¶ 11. Plaintiff seeks to have the amount of her loss appraised as provided by Mich. Comp. Laws § 500.2833(1)(m). She also seeks a judgment in this amount plus interest, costs, and attorney fees. *Id.* ¶¶ 13-17.

In the motion now before the Court, defendant seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(7) ("failure to join a party under Rule 19"). Defendant argues that plaintiff's spouse, Gregory Bryant ("Bryant"), and plaintiff's mortgage lender, Nationstar Mortgage LLC ("Nationstar"), are necessary parties because "both possess an interest in the

subject property and have potential claims under the subject policy" and that the amended complaint should be dismissed for plaintiff's failure to join them. Def.'s Mot. ¶¶ 5-6.

Rule 12(b)(7) permits a defendant to assert a plaintiff's "failure to join a party under Rule 19" as a defense. Rule 19, in turn, states in relevant part:

> (a) Persons Required to Be Joined if Feasible.
>
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

"On a motion under Rule 12(b)(7), the court initially will determine if the absentee should be joined as a party in accordance with the criteria set forth in Rule 19(a). If it decides in the affirmative, the court will order the absentee brought into the action." 7 C. Wright & A. Miller, *Federal Practice and Procedure* § 1609 (3d ed.) (footnote omitted). Further,

> [t]here is no precise formula for determining whether a particular nonparty must be joined under Rule 19(a). The decision has to be made in terms of the general policies of avoiding multiple

2

> litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them. Account also must be taken of whether other alternatives are available to the litigants. By its very nature Rule 19(a) calls for determinations that are heavily influenced by the facts and circumstances of individual cases . . . .

*Id.* § 1604 (footnotes omitted).

In the present case, defendant has not shown that either Bryant or Nationstar must be joined. Defendant argues that both of these absent parties have a potential claim against defendant because both have an interest in any insurance proceeds that may be available regarding the property loss at issue in this case. Defendant therefore fears, citing Fed. R. Civ. P. 19(a)(1)(B)(ii), that if Bryant and Nationstar are not joined, defendant risks one or both of them suing defendant in the future for the same loss. Defendant does not argue that subsection (B)(i) applies.

Defendant's fears are unfounded. Defendant indicates that Bryant, who is neither the policyholder (plaintiff is) nor mentioned in the policy as an "additional interested party" (no one is), may nonetheless claim coverage under plaintiff's policy as her "resident spouse." *See* Def.'s Mot. Ex. A, PageID.177 (defining "you or your" to include the named insured "and that person's resident spouse"). Rule 19(a)(1)(B) defines a "required party" as a person who "claims an interest relating to the subject of the action." Defendant has not shown that Bryant claims an interest in this matter. Defendant concedes that Bryant has not submitted a claim relating to the fire at issue in this case. Assuming that plaintiff is deemed to have submitted a claim on Bryant's behalf when she notified defendant of the loss and sought insurance coverage, Bryant must file suit within one year after defendant's denial of plaintiff's claim. *See id.*, PageID.180.

3

As defendant denied the claim on September 10, 2019, *see* Am. Compl. ¶ 11, Bryant must file suit by September 10, 2020.  If he does so, defendant may renew its motion.  If he does not do so, any claim he may have under this policy will be time-barred, and he could no longer be deemed to be a required party.  But at this point in time, there is no indication that Bryant "claims an interest relating to the subject of the action."

Nationstar, as the mortgagee of the property (and which is listed as such on the policy, *see* Def.'s Mot. Ex. A, PageID.164), plainly does have an "interest relating to the subject of the action," even if it has not asserted such a claim.  Nonetheless, defendant has not shown that Nationstar must be joined as party in order for defendant to avoid being "subject[ed] to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  Fed. R. Civ. P. 19(a)(1)(B)(ii).  As plaintiff notes in her response brief, the mortgagee's interest in such cases is protected by the simple procedure of the insurer making any payment to plaintiff, either in adjusting her claim or in satisfying any judgment that may be entered, payable both to her and to the mortgagee.  Under these circumstances, the risk that Nationstar may file its own lawsuit against defendant is not only not "substantial," but entirely fanciful.  Accordingly,

IT IS ORDERED that defendant's motion to dismiss is denied.

Dated: June 18, 2020
Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE