UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYETTA LEWIS-BRYANT,

    Plaintiff,                                 Civil Action No. 19-CV-12913

vs.                                            HON. BERNARD A. FRIEDMAN

ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY,

    Defendant.

_____/

**OPINION AND ORDER DENYING**
**CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

This matter is presently before the Court on the parties' cross motions for partial summary judgment [docket entries 32 and 33] and plaintiff's motion to strike defendant's motion for partial summary judgment [docket entry 35]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing.

This is a fire insurance case. Plaintiff's house and personal property were damaged by fire in December 2018. Defendant denied plaintiff's claim under her homeowner's insurance policy on the grounds that, among other reasons, plaintiff was involved in intentionally setting the fire.

Among defendant's affirmative defenses is the following:

**10. Judicial Estoppel**
The Plaintiff's Complaint should be dismissed in order to preserve the Court's integrity on the grounds of judicial estoppel. In the subject litigation Plaintiff seeks recovery of damages based upon her claims for actual cash value of the real and personal property she owned at the time of the December 15, 2018 fire. However, the property claimed, including its values, is directly contrary to the current or fair market values of this same property which she represented to the United States District Court, Eastern District

of Michigan Bankruptcy Court, under penalty of perjury, during her 2018 Chapter 7 Bankruptcy proceedings, case number, 18-50521.

Plaintiff seeks summary judgment on this defense on the ground that "the position Plaintiff took in the bankruptcy proceeding regarding the value of her real and personal property is not 'clearly inconsistent' with the position she has taken in her insurance claim inasmuch as the methods used to arrive at the respective values are different." Pl.'s Br. at 1. Defendant opposes plaintiff's motion, and seeks summary judgment on this defense in its favor, on the grounds that plaintiff's claim is barred because plaintiff informed the Bankruptcy Court (three weeks before the fire occurred) that her personal property was worth $3,200, whereas in the instant action she claims that the same property was worth $66,143.60. Def.'s Resp. at 15-16.

Under Fed. R. Civ. P. 56(a), summary judgment is available only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In the present case, neither side is *entitled* to judgment as a matter of law as to defendant's judicial estoppel defense. The Supreme Court has indicated that "judicial estoppel is an equitable doctrine invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal quotation marks and citation omitted). No party is entitled to a discretionary ruling.

Further, the fact that plaintiff evaluated her personal property twenty times higher when she submitted her homeowner's claim than she did when she sought and obtained bankruptcy protection may warrant application of the doctrine, but the Court prefers to hear plaintiff's testimony – and any other relevant evidence – before determining whether her claim should or should not be barred as a matter of judicial estoppel. All evidence bearing on this issue will also be important for the jury to evaluate as it assesses plaintiff's credibility generally. After all evidence regarding the

evaluation of plaintiff's personal property has been presented at trial, but before the case is submitted to the jury, the parties are free to renew their motions for judgment as a matter of law as to this issue pursuant to Fed. R. Civ. P. 50.[1]  Accordingly,

IT IS ORDERED that the parties' cross motions for partial summary judgment are denied.

IT IS FURTHER ORDERED that plaintiff's motion to strike defendant's motion for partial summary judgment is denied as moot.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated:  April 13, 2021                SENIOR UNITED STATES DISTRICT JUDGE
             Detroit, Michigan

---

[1] Rule 50 states:

    (a) Judgment as a Matter of Law.

    (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

    (A) resolve the issue against the party; and

    (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

    (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.