UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYETTA LEWIS-BRYANT,

    Plaintiff,                                                    Civil Action No. 19-CV-12913

vs.                                                               HON. BERNARD A. FRIEDMAN

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY,

    Defendant.
_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION
### TO STRIKE DEFENDANT'S EXPERT DISCLOSURES

This matter is presently before the Court on plaintiff's "motion to strike defendant's untimely Rule 26(a)(2) expert disclosures and to bar defendant from offering expert testimony at trial pursuant to Rule 37(c)(1)" [docket entry 39]. Defendant has responded and plaintiff has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a fire insurance case. Plaintiff's house and personal property were damaged by fire in December 2018. Defendant denied plaintiff's claim under her homeowner's insurance policy on the grounds that, among other reasons, plaintiff was involved in intentionally setting the fire. The parties agree that the fire was the result of arson, but disagree as to the identity of the arsonist(s).

In the instant motion, plaintiff states that

> [a] month after the fire, Plaintiff's insurance carrier, Allstate Vehicle and Property Insurance Company ("Allstate"), not only concluded it was arson, but also learned various facts and opinions of its retained experts that, if true, would make it impossible for someone to have started the fire without keys to the house. Allstate failed to disclose this crucial information to Plaintiff or her counsel during the eight additional months it investigated her claim, failed to disclose it to . . . Plaintiff when it denied her claim in September 2019, and

> shockingly failed to disclose the facts and opinions throughout 16 months of litigation **until six weeks before the date set for trial**, despite the fact it was required to make rule 26(a)(2) expert disclosures **more than a year earlier**.

Pl.'s Br. at 1 (emphasis in original).  Plaintiff contends that defendant's belated disclosures have prejudiced her, as she has made "countless strategic decisions in this case" since the expert disclosures were due.  *Id*. at 9.

In response, defendant contends that the experts at issue, "Robert Trenkle and David Brien, along with Fire Marshal Andrew Thomas, were listed on Defendant's Witness List filed on February 28, 2020."  Def.'s Resp. Br. at 3 (citing docket entry 14).  Defendant adds that "the invoices along with the documents and photographs relied upon by Defendant's experts were provided to Plaintiff on January 14, 2020 when Defendant produced its entire claim file.  Accordingly, as of January 14, 2020, Plaintiff was aware Defendant retrained [sic] Mr. Trenkle and Mr. Brien to investigate the subject loss."  *Id*. at 3-4.  However, without offering any justification, defendant acknowledges that it filed belated Rule 26(a)(2) disclosures for both Trenkle and Brien on April 30, 2021, and May 5, 2021, respectively.  *Id*. at 3.  Defendant argues that because plaintiff knew about the expert witnesses at issue and because defendant has "agreed to produce both experts for a deposition at any time prior to trial," these belated disclosures result in neither surprise nor prejudice.  *Id*. at 7.

On June 9, 2021, the Court held a status conference in this case to reschedule the trial, which has been delayed because of the pandemic.  A new trial date has been set for January 11, 2022. Had the pandemic not caused lengthy (and ongoing) court closures, defendant's inexplicably delayed expert disclosures might have proved impossible to remedy and thus impermissible.  However, given that the trial has now been scheduled to begin in seven months, plaintiff has

sufficient time to conduct witness interviews and/or retake depositions, as may be necessary to ameliorate prejudice or surprise prior to trial.  Accordingly,

IT IS ORDERED that plaintiff's motion to strike defendant's expert disclosures and to bar defendant from offering expert testimony at trial is denied.

IT IS FURTHER ORDERED that defendant shall produce expert witnesses Trenkle and Brien for a deposition at plaintiff's request.

IT IS FURTHER ORDERED that defendant must reimburse plaintiff for any costs and attorney fees she incurs if she elects to depose (or redepose) Trenkle, Brien, and/or Thomas.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  June 16, 2021
        Detroit, Michigan

3